IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DECHUAN TOLIVER,

          Petitioner,  :  Case No. 2:21-cv-4703

  - vs -                   District Judge Michael H. Watson
                           Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

                             :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dechuan Toliver under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 3), the Return of Writ (ECF No. 4), and Petitioner's Traverse (ECF No. 9)[1].

**Litigation History**

The January 2018 term of the Athens County Grand Jury issued an indictment charging Toliver with two counts of trafficking in cocaine in violation of Ohio Revised Code §

---

[1] At one point Toliver characterizes this pleading as a "32. 1 motion to withdrawl [sic]." (Traverse, ECF No. 9, PageID 308). A motion to withdraw a guilty plea is brought under Ohio R. Crim. P. 32.1 in the court in which the plea was made. This Court has no authority to grant a motion to withdraw and assumes the reference to 32.1 is because of copying and pasting from a state court pleading.

1

2925.03(A)(1)(Indictment, State Court Record, ECF No. 3, Ex. 1). A later bill of information added a count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32(A)(1). *Id.* at Ex. 3. On June 27, 2018, Toliver withdrew his former pleas of not guilty and pleaded guilty to all the pending charges, in return for an agreed sentence of eight years. *Id.* at Ex. 6. Although the trial judge was not bound by the agreed sentence, he nevertheless honored it and sentenced Toliver to an aggregate imprisonment term of eight years. *Id.* at Ex. 8.

Toliver did not take a direct appeal, but filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on September 28, 2018. *Id.* at Ex. 16. The trial court denied relief. *Id.* at Ex. 20. Toliver then appealed to the Ohio Fourth District Court of Appeals which affirmed. *State v. Toliver*, 2019-Ohio-3669 (Ohio App. 4th Dist. Aug. 29, 2019)("*Toliver I*"). That court dismissed Toliver's Application for Reconsideration as untimely filed, rather than on the merits (Decision, State Court Record, ECF No. 3, Ex. 27). Toliver did not appeal to the Supreme Court of Ohio. Toliver later filed a motion to withdraw his guilty plea, but did not appeal from its denial in May 2019.

On September 18, 2019, Petitioner sought leave to file a delayed appeal from sentencing (State Court Record, ECF No. 3, Exs. 9-10). The Fourth District denied leave both initially and on reconsideration. *Id.* at Exs. 13 and 15. Toliver's May 1, 2020, motion for judicial release was also denied.

On November 12, 2019, Toliver filed another motion to withdraw his guilty plea (State Court Record, ECF No. 3, Ex. 32) which the trial court denied. *Id.* at Ex. 33. Toliver appealed, but the Fourth District affirmed. *State v. Toliver*, 2021-Ohio-1790 (Ohio App. 4th Dist., May 18, 2021) ("*Toliver II)*, appellate jurisdiction declined, *State v. Toliver*, 164 Ohio St.3d 1421(2021).

Toliver filed his Petition for Writ of Habeas Corpus in this Court by depositing it in the

prison mail system on September 13, 2021[2], pleading the following grounds for relief:

> **Ground One:** The Defendants plea was not intelligently made which renders enforcement of the plea unconstitutional under the U.S. Constitution.
>
> **Supporting Facts:** Toliver wasn't apart [sic] of an enterprise (licit nor illicit) and his two fifth degree felony drug sales fell short of the monetary threshold of $1,000, only totally $180. The Defendant wasn't knowledgeable of advised as to what the charge required and entered an unintelligent plea to a crime he was innocent of, for an eight (8) year prison term.
>
> **Ground Two:** Defendant[']s 6th Amendment right to effective assistance was violated where counsel breached his duty to ensure a fair outcome.
>
> **Supporting Facts:** Defendant was advised by counsel that his two fifth degree felony charges for two grams of cocaine was enough to show he engaged in a pattern of corrupt activity. If it wasn't for this misinterpretation of the law, by counsel, the defendant would not have plead guilty. After reviewing the case against his defendant, seeing that all the essential elements of the charge against his client were non existent, counsel still advised defendant to enter a plea of guilty.
>
> **Ground Three**: Miscarriage of justice is a grossly unfair outcome when a defendant is convicted despite lack of evidence on a [sic] essential element.
>
> **Supporting Facts:** Defendant was convicted despite all the essential elements of the crime being nonexistent, and lacking enough evidence to support the conviction itself. There is no evidence of an enterprise, also the corrupt acts used in this case do not qualify as "corrupt act" where they fell short of the threshold of $1000, totaling $180.
>
> **Ground Four:** Engaging in a Pattern of Corrupt Activity requires a person to be employed by or associated with an enterprise.
>
> **Supporting Facts:** There is no evidence or documentation of group activity in this case. Toliver acted as a lone dealer and was never being investigated for the OHIO RICO before the time of sentencing. There are no co-defendants or other known associates

---

[2] Respondent concedes this filing date satisfies the statute of limitations, 28 U.S.C. § 2244(d)(Return, ECF No. 4, PageID 280-81).

linked to this case of the defendant. The enterprise element does not exist.

**Ground Five:** The two fifth degree charged do not qualify as corrupt acts, where they don't meet the threshold.

**Supporting Facts:** The drug buy report states that on June 27, 2017 the buy was $80 for one gram and on July 20, 2017 the buy was worth $100 for one gram. Evidence has been supported to back this claim.

(Petition, ECF No. 1, PageID 5, 7-8, 10, 12).

# Analysis

### Ground One:  Invalid Guilty Plea

In his First Ground for Relief, Toliver claims his guilty plea was not intelligently made because he neither knew nor was properly advised of what was required to prove he engaged in a pattern of corrupt activity.

**Procedural Default**

Respondent asserts this claim is barred by Toliver's procedural default in not presenting it to the Fourth District Court of Appeals on direct appeal (Return, ECF No. 4, PageID 288-90).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless

> the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

5

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: any constitutional claim which can be raised and decided on direct appeal must be raised there or be barred by *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967). That rule was enforced against Toliver by the Fourth District. *Toliver I* at ¶ 14. Then Sixth Circuit has repeatedly held that the *Perry res judicata* rule is an adequate and

independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Petitioner claims that any procedural default he may have committed is excused because his conviction represents a "severe miscarriage of justice" (Traverse, ECF No. 9, PageID 310). Toliver recognizes that "[a] fundamental miscarriage of justice is usually interpreted to mean that an innocent person was convicted (Traverse, ECF No. 9, PageID 309, citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992), and *Reed v. Ross,* 468 U.S. 1 (1984)). Actually, the Supreme Court has held the miscarriage of justice excuse for procedural default **always** requires strong proof of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998). And the Supreme Court has also placed stringent limits on the proof necessary to show actual innocence.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

7

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Toliver has not presented any new evidence at all that was not presented at trial. In fact, no evidence was presented at trial because Toliver pleaded guilty. He asserts what evidence the State had – only two minimal drug buys and no proof of affiliation with an enterprise – but this Court does not know that because the State was not put to its proof by insisting on a trial. Toliver has not established a miscarriage of justice by proving his actual innocence.

In sum, Toliver's First Ground for Relief is procedurally defaulted by his failure to take a direct appeal and he has not shown excusing cause and prejudice or actual innocence.

**Merits**

In the interest of full discussion of Petitioner's claim, the Magistrate Judge offers the following analysis of the merits of Toliver's First Ground for Relief.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).

To ensure that guilty pleas are knowing, intelligent, and voluntary, Ohio R. Crim. P. imposes stringent procedural requirements on the taking of a plea in the form of a required colloquy between the trial judge and the defendant. In this case the habeas court has no way of determining whether those requirements were in fact complied with or not because there is no transcript of the plea colloquy. Had Toliver appealed and raised the claim he makes here, the plea colloquy would

have been transcribed at the State's expense so the court of appeals (and this Court eventually) could evaluate the plea colloquy. Federal courts presume the regularity of state court proceedings. *Walker v. Johnston*, 312 U.S. 275 (1941). The burden is on a habeas petitioner to overcome that presumption and Toliver has offered no evidence that the trial judge did not follow Rule 11.

What evidence we do have is embodied in the guilty plea document (State Court Record, ECF No. 3, Ex. 6). That document recites the three charges to which Toliver was pleading guilty – engaging in a pattern of corrupt activity and two counts of trafficking cocaine. *Id.* at PageID 39. Toliver represented "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence." *Id.* at PageID 40. He further represented:

> I understand by pleading guilty I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me.
>
> I understand that at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify.
>
> I understand I am giving up the right to testify on my own behalf.
>
> I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.
>
> By pleading guilty I admit committing the offense and will tell the Court the facts and I circumstances of my guilt. . . .
>
> I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand the consequences of a conviction upon me if I am not a U.S. citizen. I enter this plea voluntarily.
>
> I understand that the State's recommended sentence in this agreement is not binding on the Court.

> By signing below I agree I have read this document, any questions I
> had have been answered, and I ask that the Court accept this plea.

*Id.* at PageID 41. By pleading guilty with an agreed sentence, Toliver avoided the possibility of the maximum sentence of seventeen years. He does not claim the prosecutor did not carry out his part of the plea bargain.

Toliver now says his plea was not intelligent because he did not understand what underlying facts needed to be proved to show a pattern of corrupt activity and what connection has to be shown to an "enterprise." But in open court in the plea agreement he said he did understand. Why should he be allowed to repudiate his plea agreement when he has already received its full benefit?

Toliver has not shown his guilty plea was unintelligent. His First Ground for Relief should therefore also be rejected on the merits.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Toliver claims his trial attorney told him "that his two fifth degree felony charges for two grams of cocaine was enough to show he engaged in a pattern of corrupt activity. If it wasn't for this misinterpretation of the law, by counsel, the defendant would not have plead guilty." (Petition, ECF No. 1, PageID 7-8).

This alleged advice of counsel does not appear in the record. Because a criminal defendant charged with a serious offenses is entitled to the effective assistance of counsel by the Sixth Amendment, a claim of ineffective assistance of trial counsel such as this one depending on evidence outside the appellate record can be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, Petitioner made no such claim in his petition for post-

10

conviction relief (State Court Record 3, Ex. 16). The first time he raised the claim was in his first motion to withdraw his guilty plea where he asserted counsel did not explore a defense that "Ohio law rejects [holding] a sole proprietor to [be] an illicit enterprise." (State Court Record, ECF No. 3, Ex. 28, PageID 149, citing *State v. Agner*, 135 Ohio App3d 286 (1999)[3]). This claim is different from the one made in the Petition because it attacks the advice given on engaging in an enterprise, not what is required to show a pattern of corrupt activity. However broad or narrow the claim is, Toliver did not appeal from denial of the Motion to Withdraw.

Toliver's second Motion to Withdraw was filed November 12, 2019 (State Court Record, ECF No. 3, Ex. 32)[4]. It focuses only on the deficiencies of the Bill of Information. As to ineffective assistance of trial counsel it says only "counsel has to also be deemed ineffective for allowing an innocence [sic] man to go to prison." *Id.* at PageID 161. Neither of these motions is accompanied by any proffered evidence of what actual advice trial counsel gave Toliver.

Judge Lang found the second motion was moot because the first motion had already been decided and Toliver had not appealed (Decision, State Court Record, ECF No. 3, Ex. 33, PageID 162). Considering both motions together, the judge found no merit to the defective pleading claim because the Bill of Information was in the words of the statute. *Id.* Finally, he found the claims barred by *res judicata* because they could have been raised on direct appeal or on appeal from the May 28, 2019, decision, but no appeal was taken from either decision. *Id.* at PageID 163.

Petitioner suggest he should be given an evidentiary hearing to resolve disputed issues of fact (Traverse, ECF No. 9, PageID 317, relying on *Townsend v. Sain*, 372 U.S. 293, 313 (1963)).

---

[3] Form of citation corrected to reflect current practice.
[4] This filing is captioned "Motion for Leave to Traverse Motion to Withdraw Plea, Instanter", presumably on the theory that it is a continuation of the prior filing because Toliver was denied his asserted due process right to file a "traverse" to the State's opposition to his first Motion to Withdraw. Toliver had already filed such a "traverse" on May 28, 2019, the same day Judge Lang had denied the first motion to withdraw. There is no such due process right.

*Townsend* interpreted the version of 28 U.S.C. § 2254 in place before Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Under AEDPA, no evidentiary hearing may be held in habeas unless the petitioner shows the factual determinations of the trial court are rebutted by clear and convincing evidence which is in the state court record. 28 U.S.C. § 2254(e); *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Petitioner's Second Ground for Relief is procedurally defaulted and should be dismissed on that basis.

**Ground Three: Miscarriage of Justice**

In his Third Ground for Relief, Toliver asserts his conviction is a "grossly unfair outcome" because there was no evidence offered of his connection with an enterprise or the requisite pattern of corrupt activity.

To the extent Petitioner intends this as a claim of actual innocence, it is not cognizable in habeas corpus. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Moreover, the claim ignores the effect of a guilty plea. A guilty plea eliminates altogether any need to present evidence on the part of the State.

Petitioner continually argues there was no pattern of corrupt activity because the State could only prove two sales with aggregate proceeds of $180. On the contrary, the Information alleges, in addition to those sales, "Defendant did consistently traffic drugs in an illegal enterprise in Athens County, Ohio, for over ten (10) months, making dozens of sales of the felony of the fourth degree threshold." (State Court Record, ECF No. 3, Ex. 3, PageID 33). By pleading guilty, Toliver admitted the truth of that statement of fact as well as the two other buys.

Ground Three should therefore be dismissed.

**Ground Four:  Lack of Proof of Association with an Enterprise**

In his Fourth Ground for Relief, Toliver repeats his claim there was never any proof that the was associated with any "enterprise" in the distribution of drugs, but rather that he acted as a lone dealer.  When a defendant pleads guilty, he relieves the State of any burden of proving any facts.  Habeas corpus is not an occasion for a defendant to essentially start over and demand that the State now prove its case.

Ground Four should be dismissed on the same basis as Ground Three.

**Ground Five:  Lack of Proof of Required Facts to Show a Pattern of Corrupt Activity**

In his Fifth Ground for Relief, Toliver asserts the State did not prove predicate felonies sufficient to meet the threshold for a pattern of corrupt activity.  As noted above, by pleading guilty to the Bill of Information, Toliver admitted the allegation in the Information that "Defendant did consistently traffic drugs in an illegal enterprise in Athens County, Ohio, for over ten (10) months, making dozens of sales of the felony of the fourth degree threshold."  (State Court Record, ECF No. 3, Ex. 3, PageID 33).  This admission is sufficient to provide the factual basis for conviction on the state RICO count.

Ground Five should be dismissed on the same basis as Ground Three.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 10, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.