UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dechaun Toliver,

    Petitioner,

v.

Warden, Noble Correctional Institution,

    Respondent.

Case No. 2:21-cv-4703

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Dechaun Toliver ("Petitioner") objects to aspects of the Report and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case. Obj., ECF No. 12. The Court **OVERRULES** Petitioner's objections for the reasons addressed herein.

### I.     PROCEDURAL HISTORY

Petitioner pleaded guilty in state court to two counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity ("Ohio RICO"). He received an agreed sentence of eight years' imprisonment. Since sentencing, he has repeatedly challenged his conviction under the Ohio RICO statute.

Petitioner did not directly appeal his conviction or sentence, but he did file for post-conviction relief in state court. He also moved in the trial court to withdraw his guilty plea. The trial court denied both of those motions. Petitioner did not appeal the denial of his motion to withdraw his plea, but he did appeal the denial of his motion for post-conviction relief. The Ohio Fourth District Court of

Appeals affirmed, and Petitioner did not further appeal the denial of postconviction relief to the Ohio Supreme Court.

He did, however, next seek leave to file a delayed *direct* appeal of his conviction and sentence, but the Ohio Fourth District Court of Appeals denied leave (both initially and on reconsideration). Petitioner did not appeal to the Ohio Supreme Court.

Petitioner then tried in the trial court to resurrect his prior motion to withdraw his guilty plea, but that motion was also denied. Petitioner exhausted his appeals with respect to *that* motion.

Petitioner then filed this habeas action under 28 U.S.C. § 2254. Petition, ECF No. 1. He raises five grounds for relief: his plea was not knowingly and intelligently made (Ground One); he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution (Ground Two); and there was a complete lack of evidence that Petitioner was part of an enterprise or engaged in corrupt activity for purposes of the Ohio RICO statute such that he is innocent of that crime (Grounds Three, Four, and Five). *Id.* at PAGEID ## 5–13.

## II. REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 11. The R&R recommends dismissing Grounds One and Two as procedurally defaulted. *Id.* at PAGEID ## 4–8, 10–12. It alternatively recommends denying Ground One on the merits

and also recommends denying Grounds Three, Four, and Five on the merits. *Id.* at PAGEID ## 8–10, 12–13. Petitioner timely objected to various portions of the R&R. Obj., ECF No. 12.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

### IV. ANALYSIS

For the following reasons, the Court agrees that Petitioner's grounds for relief are procedurally defaulted.

### A. Procedural Default

#### i. Ground One

Ground One alleges that Petitioner's guilty plea is unconstitutional because it was not knowingly and intelligently made. Petitioner objects to the R&R's conclusion that he has not overcome the procedural default of Ground One.

Notably, Petitioner does not challenge the R&R's conclusion that Ground One is procedurally defaulted—he argues solely that he has established a miscarriage of justice to overcome that procedural default. Nonetheless, the Court notes that Petitioner obviously did not challenge the intelligence of his plea on direct appeal as he failed to file a direct appeal. He likely procedurally defaulted his claim at that point. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Moreover, Petitioner first attacked his guilty plea in his trial-court motion to withdraw his guilty plea, ECF No. 3 at PAGEID ## 147–49. The trial court denied that motion, ECF No. 3 at PAGEID # 155, and Petitioner did not appeal the denial (though he did attempt to resurrect that motion and appealed that failed effort to completion). Thus, he procedurally defaulted the claim even if he could not have raised it before the motion to withdraw the plea.

In any event, because Petitioner argues solely that he has established a miscarriage of justice to overcome the procedural default, the Court focuses its review on that properly objected-to portion of the R&R.

### a. Overcoming Procedural Default by Showing Actual Innocence

A habeas petitioner can overcome a procedural default by showing either "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 393, 397 (2013) (noting the "miscarriage of justice" exception survived the passage of the AEDPA "intact and unrestricted" when raised in the context of "a first petition for federal habeas relief"). Petitioner does not argue he had cause to excuse his procedural default but does argue that a failure to consider his first ground for relief will result in a fundamental miscarriage of justice. Obj. 1–6, ECF No. 12-1 at PAGEID ## 339–44; Traverse 2–4, ECF No. 9 at PAGEID ## 309–11.

"The miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998) (cleaned up and citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up) (concerning § 2255). To establish actual innocence sufficient to overcome a procedural default,[1] a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (cleaned up).

Typically, factual innocence is shown by the petitioner offering "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Factual innocence can also be established, however, by showing an intervening Supreme Court decision that clarifies a prisoner's conduct did not amount to the crime of conviction. For example, in *Bousley*, the Supreme Court remanded for consideration of whether the petitioner was "actually innocent" of the crime charged (because the facts did not satisfy the legal requirement) in order to overcome the procedural default of his § 2255 "knowing and intelligent

---

[1] When actual innocence is raised as a way to overcome the procedural default of a separate, constitutional claim, it is often referred to as a "gateway actual innocence claim." When actual innocence is raised as an independent reason for granting habeas relief, the propriety of which is addressed *infra*, it is often referred to as a "freestanding actual innocence claim."

plea" claim. 523 U.S. at 624; see also id. at 626 (Stevens, J., concurring in part and dissenting in part) (stating, "Petitioner's conviction and punishment . . . are for an act that the law does not make criminal" such that the petitioner's plea was not knowing and intelligent (cleaned up)). The Sixth Circuit follows suit. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012) (construing "actual innocence" in the context of § 2255's savings clause and stating, "[o]ne way to establish factual innocence is to show an "intervening change in the law that establishes [the petitioner's] actual innocence." (internal quotation marks and citation omitted)); *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (finding that "*Bousley* established an analytical framework for addressing actual innocence claims based upon a claim of legal innocence occasioned by an intervening change in law" for purposes of overcoming AEDPA's one-year statute of limitations for § 2255 claims (citation omitted)); *Haun v. Barron*, 105 F. App'x 28, 32 n.3 (6th Cir. 2004) (explaining that, for purposes of § 2255's savings clause, the Sixth Circuit considers "actual innocence" as including instances where an intervening change in controlling law renders conduct noncriminal).[2]

---

[2] *Accord Waucaush v. United States*, 380 F.3d 251, 254 (6th Cir. 2004) (considering whether actual innocence existed to overcome the procedural default of a claim in a § 2255 petition and stating, "[a]ctual innocence does not mean that [the petitioner] must be innocent of all bad deeds. The question before us is whether [the petitioner] is actually innocent of violating RICO" because the pleaded-to facts failed to establish interstate commerce); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (addressing § 2255's savings clause and stating the petitioner "maintains that he could not be guilty of the federal bombing statute because he bombed a private residence, which is essentially an 'actual innocence' argument."); *Mann v. United States*, No. 97-3201, 1998 WL 789372, at *4 (6th Cir. Oct. 30, 1998) ("[T]his court may entertain [the petitioner's § 2255] assault on his conviction despite his failure to present it in a direct appeal

Here, Petitioner does not present any "new" evidence that he did not commit the underlying acts. Rather, Petitioner argues he is factually innocent of the Ohio RICO crime because both the existence of an "enterprise" and "corrupt activity" are essential elements of the crime that were never satisfied. Obj., ECF No. 12-1 at PAGEID ## 339–44. Specifically, he contends the State failed to offer any evidence that an enterprise existed, and the State's evidence of Petitioner's drug sales did not satisfy the monetary threshold required for the statutory definition of corrupt activity. *Id.* In other words, Petitioner argues that because the facts he pleaded guilty to are legally insufficient to establish the elements for Ohio RICO, he is factually innocent of that crime. *Id.* The Court thus considers whether Petitioner has established a gateway actual innocence claim based on an intervening change in law.

In the Sixth Circuit, a petitioner can establish such a claim by showing:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten*, 677 F.3d at 307–08.

---

because it alleges a constitutional error, namely the failure by [the petitioner], his counsel and the court to correctly understand the essential elements of the crime with which he was charged, may have resulted in the conviction of a man who is innocent of the charged offense.").

Case No. 2:21-cv-4703 <span style="float:right">Page 7 of 14</span>

### b. Petitioner Has Failed to Establish Gateway Actual Innocence.

Petitioner does not satisfy the gateway actual innocence standard because he cites no *intervening* decision that changed the way the Ohio RICO statute[3] was construed between the time of his guilty plea and the filing of his § 2254 petition.

Petitioner's gateway actual innocence argument is premised on the idea that the enterprise and corrupt activity elements of the Ohio RICO statute were not met in his case because he sold drugs by himself (as opposed to with others) and because the proceeds from his drug sales did not satisfy the $1,000 monetary threshold required to meet the statutory definition of corrupt activity. See generally, Petition, ECF No. 1; Traverse, ECF No. 9. Nowhere, however, in his Petition, Traverse, or objections does Petitioner cite to any intervening change in the law that clarified his actual innocence. Indeed, the cases Petitioner relies on were decided well before his guilty plea and could have been cited on direct appeal. Therefore, the principle behind excusing a procedural default based on an intervening change in the law simply does not exist here.

Because Petitioner does not rely on an intervening change in the law to establish his actual innocence, the Court finds his actual innocence argument

---

[3] Petitioner also relies purely on state law rather than authority from the United States Supreme Court, but because he fails to cite an *intervening* decision of any kind, this Court need not determine whether a change in state law can ever establish actual innocence to overcome the procedural default of a claim under § 2254. See *DeJesus v. Burton*, No. 1:14-cv-335, 2014 WL 7010817, at *2 (W.D. Mich. Dec. 10, 2014) ("Courts have disagreed over how *Bousley* applies in the § 2254 context." (citing cases)).

insufficient to overcome the procedural default of Ground One. *See Bousley*, 523 U.S. at 621 ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." (internal quotation marks and citation omitted)); *cf. Settle v. Parris*, No. 20-5516, 2020 WL 9602440, at *2 (6th Cir. Nov. 30, 2020) ("[E]ven if *Bailey* applied to [the petitioner's] § 922 conviction, it is not an intervening change in the law that establishes the petitioner's actual innocence because it was decided before [he] was convicted and thus was available to him before his direct appeal and initial § 2255 motion." (cleaned up)); *United States v. Gibson*, 424 F. App'x 461, 466 (6th Cir. 2011) (finding the petitioner failed to overcome procedural default because he failed to argue that the challenges he raised in habeas "were so novel prior to the *Chambers* decision that the legal basis for his claim was not reasonably available to counsel" on direct appeal (internal quotation marks and citation omitted)); *Walden v. United States*, 9 F. App'x 420, 421–22 (6th Cir. 2001) ("Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, [the petitioner] has had opportunities to challenge his conviction and sentence on direct appeal and in his prior § 2255 motion to vacate." (cleaned up)). Ground One is thus procedurally defaulted.

### ii. Ground Two

Ground Two alleges that Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

As with Ground One, Petitioner concedes he procedurally defaulted this claim. And, for the same reasons discussed above, Petitioner has failed to overcome the procedural default of Ground Two.

### iii. Grounds Three, Four, and Five

Grounds Three, Four, and Five substantially overlap with one another. Ground Three alleges there has been a miscarriage of justice because Petitioner was convicted of violating the Ohio RICO statute despite there being a complete lack of the "enterprise" and "corrupt activity" elements. Ground Four alleges there was no evidence of an "enterprise" to support Petitioner's conviction. Ground Five alleges there was no evidence of "corrupt activity" to support Petitioner's conviction. Thus, because they essentially make the same argument (as freestanding actual innocence claims), Grounds Three, Four, and Five can be analyzed together.

First, Magistrate Judge Merz correctly recommended the Court deny these claims on their merits. In the Sixth Circuit, freestanding actual innocence claims are not cognizable on habeas review in non-death penalty cases. *E.g.*, *Bennett v. Rewerts*, No. 18-1730, 2018 WL 8732861, at *6 (6th Cir. Oct. 24, 2018) (citations omitted); *Salters v. Burt*, No. 17-2426, 2018 WL 2341746, at *6 (6th Cir. May 23, 2018) (citations omitted); *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010). Grounds Three, Four, and Five would therefore fail on their merits.

Second, even if cognizable, Petitioner's actual innocence claims are themselves procedurally defaulted. As noted above, the caselaw Petitioner relies

on to prove actual innocence was available at the time he could have directly appealed his conviction. Indeed, Petitioner filed numerous motions in the state courts attempting to argue his actual innocence on these very bases, but he never properly exhausted his state court remedies. For example, Petitioner attacked the "enterprise" element in his state postconviction motion, see Postconviction Mot., ECF No. 3 at PAGEID ## 77–78; Mot. Summ. J., ECF No. 3 at PAGEID # 81; Traverse, ECF No. 3 at PAGEID # 96, but he failed to appeal the Fourth District Court of Appeals' affirmance of the trial court's denial of that motion as barred by res judicata. Merits Brief, ECF No. 3 at PAGEID # 110; *id.* at PAGEID # 112; Decision, ECF No. 3 at PAGEID # 131; *id.* at PAGEID # 146.

Similarly, Petitioner moved the trial court to withdraw his guilty plea, arguing it was not knowing and intelligent because it was based on a misunderstanding of how the facts of his crime related to the enterprise element of Ohio RICO. Mot. Withdraw Plea, ECF No. 3 at PAGEID ## 147–49; Traverse, ECF No. 3 at PAGEID ## 156–58. The trial court denied Petitioner's motion, Decision, ECF No. 3 at PAGEID # 155, and Petitioner did not appeal that decision.

Moreover, Petitioner tried to raise his argument on a delayed direct appeal but was denied leave to do so both initially and on reconsideration. Mot. Leave File, ECF No. 3 at PAGEID # 53 (challenging a "defective bill of information" and arguing the bill's "factual outline negat[ed] essential elements of the offense");

Decision, ECF No. 3 at PAGEID # 68, 71. He did not appeal the Fourth District Court of Appeals' decisions.

Indeed, Petitioner did not fully exhaust any appeal until he moved the trial court to reopen his already-ruled-upon motion to withdraw his guilty plea. Mot., ECF No. 3 at PAGEID ## 159–61. Therein, Petitioner again pressed the issue that he was not involved with an enterprise, and, for the first time, he raised the additional issue that his guilty plea was insufficient because his conduct did not satisfy the statutory monetary threshold to qualify as corrupt activity. *Id.* The trial court denied the motion as moot, on the merits, and barred by res judicata. Decision, ECF No. 3 at PAGEID ## 159–63. Petitioner appealed that decision to the Fourth District, which agreed the motion was moot or barred by res judicata. ECF No. 3 at PAGEID ## 208–12. The Supreme Court of Ohio declined jurisdiction. ECF No. 3 at PAGEID ## 164, 208–30, 245.

The upshot is that the state courts determined that Petitioner could have raised Grounds Three, Four, and Five on a direct appeal, and they determined the arguments were procedurally defaulted when he did finally raise them. Petitioner should have, at the very least, exhausted his remedies by challenging through the highest state court the denial for leave to file a delayed appeal or denial of postconviction relief. Because he did not do so, these claims are procedurally defaulted here.

To the extent Petitioner attempts to use his gateway actual innocence claim to overcome the procedural default of his freestanding actual innocence

claims (which both rely on the same facts and law), his attempt fails because he relies on no *intervening* caselaw (as addressed above).

### a. Conclusion

In conclusion, each of Petitioner's grounds for relief is procedurally defaulted and cannot be considered on its merits. The Court therefore **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES** the Petition.

## B. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). The district court makes the first determination as to whether to issue a Certificate of Appealability in appeals of § 2254 or § 2255 petitions. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

When a claim has been denied on procedural grounds, a Certificate of Appealability may be issued if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). As reasonable jurists would not disagree with the Court's procedural default analysis, Petitioner is **DENIED** a Certificate of Appealability.

Moreover, the Court **CERTIFIES** pursuant to 28 U.S.C. 1915(a)(3) that any appeal of this Opinion and Order would be objectively frivolous and therefore would not be taken in good faith.

The Clerk shall enter judgment in favor of Respondent and close this case.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**