# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DECHUAN TOLIVER,

        Petitioner,      :     Case No. 2:21-cv-4703

  - vs -                          District Judge Michael H. Watson
                                        Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

                                         :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Dechuan Toliver under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion under Fed.R.Civ.P. 59(e) to Amend the Judgment (ECF No. 15).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), or to

1

> prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. Id. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. Id. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Petitioner acknowledges that his principal argument in his case in chief was that his various procedural defaults were overcome by his proof he met the actual innocence exception to procedural default (Motion, ECF No. 15, PageID 369-70). Judge Watson's Opinion and Order sought to be amended thoroughly discussed the actual innocence "gateway" exception as it is applied in the Sixth Circuit in cases where the facts admitted or proven have been held to be

2

insufficient to support a conviction. *Toliver v. Forshey*, 2022 WL 1442005 *2-3 (S.D. Ohio May 6, 2022). Where such a claim is based on an intervening change in the law,

> In the Sixth Circuit, a petitioner can establish such a claim by showing:
>
> > (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Toliver* at * 3, quoting *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012). Judge Watson found "Petitioner does not satisfy the gateway actual innocence standard because he cites no *intervening* decision that changed the way the Ohio RICO statute [footnote omitted] was construed between the time of his guilty plea and the filing of his § 2254 petition." *Toliver* at *3. In his instant Motion, Toliver also cites no intervening change in Ohio law.

Toliver relies in his Motion on *Gibbs v. Huss*, 12 F. 4th 544 (6th Cir. Aug. 30, 2021). Gibbs is not in any way related to a change in Ohio law relating to the elements of the crimes of which Toliver was convicted. Instead, the Sixth Circuit held that Michigan's usually adequate rule requiring contemporaneous objection to preserve error for review was not adequate in circumstances where the petitioner could not have been aware of the constitutional violation – closure of the courtroom to the public during voir dire -- at the time it happened.

In the Motion, Toliver complains of the application of Ohio's *res judicata* doctrine to his case.

> The doctrine of res judicata is applied excessively, extremely and unfairly in Ohio and this case exemplifies such allegation. Res judicata was applied to my post-conviction relief proceedings, even though there is a longstanding tenet that prohibits raising constitutional issues for the first time on appeal. *State v. Combs*, 62

>Ohio St. 3d 278, 290 (1991); *State v. Awan*, 22 Ohio St. 3d 120 (1986). By virtue of the plain language of the law, O. R. C. § 2953. 21 et seq., creates the avenue to overcome such barrier. The application of res judicata to such a situation created invidious discrimination, which is guarded by the Equal Protection Clause of the Constitution. *Skinner v. Oklahoma, ex rel. Williamson*, 316 U. S. 535, 541 (1942).

Motion, ECF No. 15, PageID 370-71.

This argument does little if anything to support Toliver's position. First of all, *Gibbs*, to the extent it is applicable, was decided in August 2021 and thus available to Toliver when he filed his Reply in December 2021 (ECF No. 9).

Second, his argument misunderstands Ohio *res judicata* doctrine which holds that if a constitutional claim can be made on the basis of the direct appeal record, it must be made on direct appeal or be barred by *res judicata*. The Supreme Court of Ohio has repeatedly held that constitutional claims which are supported by the appellate record must be raised on direct appeal and will be barred by *res judicata* if attempted to be raised later in post-conviction. *State v. Reynolds*, 79 Ohio St. 3d 158, 161 (1997); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Lentz*, 70 Ohio St. 3d 527 (1994); *In re T.L.*, 2014-Ohio-1840, ¶ 16, 2014 Ohio App. LEXIS 1804 (8th App. Dist. 2014). Ohio Revised Code § 2953.21 does not provide an exception.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The *Perry res judicata* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003);

*Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Toliver does not even begin to show how application of *res judicata* violated the Equal Protection Clause.

**Conclusion**

Toliver has not persuaded the Magistrate Judge that the Opinion and Order is founded on any manifest error of law or that there has been an intervening change of law requiring amendment of the Judgment. Petitioner's Rule 59(e) Motion should therefore be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 18, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.